■ In the Matter of the Claim of Rocco DeMarco, Appellant. Louis L. Levine, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 17, 1974, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that he voluntarily left his employment without good cause. The board's finding that claimant left his employment to be eligible for a union pension and to seek employment closer to home is supported by the record. Claimant testified that he was in good health and received no medical advice to leave his employment. In our view, there is substantial evidence to sustain the board's determination that claimant left his employment for personal noncompelling reasons which constituted a voluntary leaving of employment without good cause. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.

■ In the Matter of the Claim of Gerald I. Carlson, Appellant. Louis L. Levine, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 11, 1974, which modified the decision of a referee. The appeal board affirmed the determination of the Industrial Commissioner ruling claimant ineligible to receive benefits effective September 17, 1973 because he was not totally unemployed and charging him with an overpayment of $1,350 in benefits ruled to be recoverable. The appeal board modified a forfeiture of 72 effective days to 32 effective days as a penalty in reduction of future benefit rights because claimant willfully made false statements to obtain benefits. The board found that between September 17, 1973 and November 11, 1973 the claimant was not totally unemployed as he was working for the partnership of which he was a member in that during that period he purchased a truck for the partnership, signed various checks and did sundry other acts on behalf of the said partnership. The board found that he was not totally unemployed and charged him with overpayments recoverable in the amount of $1,350. During the period from March 24 to May 26, 1974 the board found that the claimant was the president of a corporation which was engaged in the building of a home for speculation; that he was the sole stockholder; that he was in charge of all the corporation books, signed all the checks for the operation of the business and, accordingly, was not totally unemployed. The board further found that because of certain disclosures made by him on March 26, 1974 he had not made any false statement. While there may have been some misunderstanding between the claimant and the representative of the respondent as to what constituted total unemployment, which the board no doubt considered, there is substantial evidence to sustain its factual finding. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.